THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
We Do Alterations, LLC, Appellant,
v.
Nora Powell and Margaret Salinas, individually and d/b/a Margarets Alterations,
Respondent.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Master in Equity and Special Circuit Judge

Unpublished Opinion No. 2006-UP-235
Submitted March 1, 2006  Filed April 27, 2006

AFFIRMED

 
 
 
Bruce Robert Hoffman, of St. Helena Island, for Appellant.
Thomas Kemmerlin, Jr., of Beaufort, for Respondents.
 
 
 

PER CURIAM:  We Do Alterations, LLC (Appellant) appeals the trial courts order reversing the magistrates order of dismissal, remanding the case to the magistrate for disposition of We Do Alterations motion to dismiss, and dismissing the case pending in circuit court.  We affirm.[1]  
FACTS
In November 2003, Appellant filed a breach of contract action in magistrates court against Nora Powell and an interference with contract action against Margarets Alterations (Respondents).[2] Respondents timely answered and counterclaimed for attorneys fees.  Appellant then moved to dismiss the counterclaims under Rule 12(b)(6), SCRCP, which the magistrate denied.  Thereafter, Respondents filed amended answers and counterclaims.[3] In July of 2004, Appellant requested the magistrate transfer or dismiss the cases because Plaintiffs damages in both of the above matters well exceed[ed] the jurisdictional maximum of the Magistrates Court, and Plaintiff [has] now filed a consolidated suit, against the same parties on the same grounds, as well as others, in the Court of Common Pleas. One day after the filing of the motion, and without any notice to Respondents, the magistrate dismissed the cases.   
Appellant then filed its consolidated complaint in circuit court.   Consequently, Respondents filed a notice of appeal from the magistrates order of dismissal, moved to dismiss the circuit court case, and requested an expedited hearing in magistrate court.  The magistrate submitted a return to the appeal, admitting error in dismissing the case based on Rule 41(a)(2), SCRCP, which specifically states that an action shall not be dismissed if a counterclaim has been pleaded prior to the service of a motion to dismiss.    The circuit court reversed the magistrates order of dismissal, remanded the case back to the magistrate, and dismissed the circuit court case.  The circuit court denied Appellants motion for reconsideration. This appeal followed.   
           
LAW/ANALYSIS
Appellant claims the trial court erred in reversing the magistrates order of dismissal and remanding the case to the magistrate because Respondents can show no prejudice by the dismissal.  We disagree.
Rule 41, SCRCP, states 

(1) By Plaintiff; By Stipulation. . . . [A]n action may be dismissed by the plaintiff without order of court (A) by filing and serving a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment, whichever first occurs, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . .
(2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiffs motion to dismiss, the action shall not be dismissed against the defendants objection unless the counterclaim can remain pending for independent adjudication by the court. . . . 

(emphasis added).  
Rule 41(a)(1) does not apply to this case because We Do Alterations filed the motion to dismiss after Respondents had already answered and counterclaimed.  Furthermore, Respondents did not agree to the dismissal, as evidenced by their timely appeal.     
Because Rule 41(a)(1) is inapplicable, plaintiffs may only dismiss a case pursuant to an order of the court, as dictated by Rule 41(a)(2).  Per Rule 41(a)(2), if a defendant has pled a counterclaim prior to the service upon him of the plaintiffs motion to dismiss, the magistrate may only grant the motion if the defendants do not object or the counterclaim can be independently adjudicated.  Respondents counterclaimed for attorneys fees nearly eight months before Appellant filed its motion to dismiss, and the magistrate did not afford Respondents the opportunity to object. This, in itself is prejudicial to Respondents. Therefore, the magistrate erred in granting appellants motion.  Furthermore, Respondents timely filed a notice of appeal from the order of dismissal, and the magistrate admitted the error in his return to the appeal. Therefore, we affirm the trial courts reversal of the order of dismissal and remand to the magistrate for reconsideration of Appellants motion to dismiss.         
Appellant also claims the trial court erred in dismissing the case pending in circuit court under Rule 12(b)(8), SCRCP, because it did not serve the circuit court complaint on Respondents until after receiving notice of the magistrates order of dismissal.  We find no error. 
 Rule 12(b)(8), SCRCP, provides for dismissal of an action when another case is pending between the same parties for the same claim.  The trial court remanded the case to magistrate court for disposition of Appellants motion to transfer or dismiss because the order of dismissal violated Rule 41(a)(2).  This action required the trial court to then dismiss the pending circuit court case with the same claims.  See Rule 12(b)(8).  We find the trial court properly dismissed the circuit court case.  
CONCLUSION
For the reasons stated herein, the circuit courts order is 
 AFFIRMED.
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR. 
[2] The Beaufort magistrate court assigned the action against Nora Powell case number 302037 and the action against Margarets Alterations case number 302038.  The cases were later dismissed per We Do Alterations motion and brought in circuit court as a consolidated case.   For purposes of this appeal, the magistrate court cases will be discussed as one action.  
[3] We Do Alterations argues that Respondents amended answers and counterclaims were unauthorized pleadings because they were not filed with leave of the court or permission of We Do Alterations, as required by Rule 15, SCRCP.  However, We Do Alterations did not object to the filing, and even appeared to accept them in a handwritten note from counsel for We Do Alterations to Respondents counsel, stating Tom, I accept your apology, and likewise regret matters getting out of hand. Nevertheless, We Do Alterations argument regarding the amended answers and counterclaims has no bearing on our decision because the original counterclaims suffice to engage the application of Rule 41(a)(2), SCRCP.